USCA1 Opinion

 

 June 13, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1647 UNITED STATES, Appellee, v. ARTHUR W. RUMNEY, Defendant, Appellant. ____________________ [Hon. Shane Devine, Senior U.S. District Judge] __________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Arthur W. Rumney on brief pro se. ________________ Paul M. Gagnon, United States Attorney, and Peter E. Papps, First ______________ ______________ Assistant U.S. Attorney, on Motion for Summary Disposition for appellee. ____________________ ____________________ Per Curiam. Appellant challenges the dismissal of __________ a motion which he styled as a challenge to the legality of the fine portion of his mixed sentence. The motion was properly dismissed. To the extent that appellant is complaining about the Bureau of Prisons' authority to collect the fine, its method of collection, or his ability to pay it through the Inmate Financial Responsibility Program (IFRP), 28 C.F.R. 545.10-.11 (1989), appellant must first exhaust administrative remedies before complaining to a court in the appropriate district. See Johnpoll v. Thornburgh, 898 F.2d ___ ________ __________ 849, 850-51 (2d Cir.), cert. denied, 498 U.S. 819 (1990); see ____________ ___ also 28 C.F.R. 542.10-.16, 541.19 (providing ____ administrative remedy for complaints relating to any aspect of imprisonment). To the extent that appellant challenges the fine on the grounds that it violated the applicable sentencing statute by failing to specify a payment date, the argument is without merit. "A fine is due and payable immediately upon imposition, unless the court specifies otherwise." United ______ States v. Michaud, 928 F.2d 13, 15-16 (1st Cir. 1991) (per ______ _______ curiam) (interpreting 18 U.S.C. 3565(b)(1)(A), as applicable to offenses committed before November 1, 1987). Appellant's contention that the fine portion of his sentence is "noncommitted" is irrelevant. A "noncommitted" fine means only that the sentencing court did not direct that the person subject to the fine remain in prison until the fine is paid. -3- It does not affect the fine's due date nor its specificity. Id.  ___ Affirmed. ________ -4-